

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00548-CV

**IN THE INTEREST OF M.T.C.** and J.R.T.C.

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA02147
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:          Karen Angelini, Justice
                 Patricia O. Alvarez, Justice
                 Irene Rios, Justice

Delivered and Filed:  February 15, 2017

AFFIRMED

### INTRODUCTION

M.C. appeals the trial court's order terminating his parental rights to his children M.T.C. and J.R.T.C.[1]  M.C. challenges the legal and factual sufficiency of the evidence to support the trial court's order of termination pursuant to either of the two statutory grounds for termination under subsections 161.001(b)(1)(D) and 161.001(b)(1)(O) of the Texas Family Code.  We affirm the trial court's order of termination.

---

[1] To protect the identity of the minor children, we refer to the child and the child's parents by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).  Although the trial court terminated both parents' parental rights, this court will only discuss this case as it pertains to M.C. because he is the only parent to appeal the trial court's order of termination.

## BACKGROUND

The Texas Department of Family and Protective Services ("the Department") filed its petition in the underlying cause on October 13, 2015. In an affidavit in support of the petition Raechelle Bibby, a Department caseworker, attests the Department became involved with monitoring M.T.C.'s well-being in May 2014 based upon a report from his maternal aunt. Two days prior to the report, M.T.C.'s mother left him at the aunt's home without notification and without waking anyone in the home, and she had not made any contact since that time. M.T.C.'s aunt contacted the Department and reported suspicion of the mother's drug use. M.T.C. was removed from the mother's care and placed with the maternal aunt, where he lived with two older half-siblings who had been adopted by the aunt following previous termination of the mother's parental rights. During the Department's involvement in the case, the mother and M.C. had another child, J.R.T.C.

On August 11, 2016, the court proceeded with a bench trial on the case for termination of the mother's and M.C.'s parental rights. Both parents were represented at trial, but neither was present.[2] At the time of trial, M.T.C. was three years old and J.R.T.C. was one year old.

After receipt of evidence and testimony, the trial court found M.C. met two grounds for termination and that termination of his parental rights was in the children's best interest. The trial court entered an order terminating M.C.'s parental rights on the following statutory grounds: (1) M.C. knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger their physical or emotional well-being, pursuant to Texas Family Code Section 161.001(b)(1)(D); and (2) M.C. failed to comply with the provisions of a court order that specifically addressed the actions necessary to obtain the return of the children, pursuant to Texas

---

[2] The record reflects M.C. was served with notice of the trial setting and was aware of the process to contact his attorney and the Department.

Family Code Section 161.001(b)(1)(O). M.C. challenges the trial court's findings on both statutory grounds, asserting the evidence is legally and factually insufficient to support the trial court's findings.[3]

**STANDARD OF REVIEW**

*Burden of Proof*

To terminate parental rights pursuant to Section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence that the parent's acts or omissions met one of the predicate grounds in Section 161.001(b)(1) *and* termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1),(2) (West Supp. 2016); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

Because termination is complete, final, and irrevocable, proceedings should be strictly scrutinized, and involuntary termination statutes must be strictly construed in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). "[T]he evidence in support of termination must be clear and convincing before a court may involuntarily terminate a parent's rights." *Id.*; *see also* TEX. FAM. CODE ANN. § 161.206(a) (West 2014). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

"Circumstantial evidence may be sufficient to support termination." *In re R.F.*, 115 S.W.3d 804, 810 (Tex. App.—Dallas 2003, no pet.); *In Interest of S.H.A.*, 728 S.W.2d 73, 86 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). Circumstantial evidence is indirect evidence that creates an inference to establish a central fact. *In re Lipsky*, 460 S.W.3d 579, 588–89 (Tex. 2015); *see Felker*

---

[3] The Department concedes the evidence does not support termination under the statutory ground (O). Therefore, this Court's analysis will focus only on M.C.'s challenge with regard to statutory ground (D).

*v. Petrolon, Inc.*, 929 S.W.2d 460, 463–64 (Tex. App.—Houston [1st Dist.] 1996, writ denied). All evidentiary standards, including clear and convincing evidence, recognize the relevance of circumstantial evidence. *In re Lipsky*, 460 S.W.3d at 588. Therefore, in parental-rights termination cases, the relevant inquiry is not the type of evidence, but whether the strength of the evidence satisfies the appropriate standard of review. *See id.*; *Bentley v. Bunton*, 94 S.W.3d 561, 596-97 (Tex. 2002); *In re R.F.*, 115 S.W.3d at 810.

*Sufficiency of the Evidence Review*

Legal Sufficiency

In conducting a legal sufficiency review of termination of parental rights under a clear and convincing standard, an appellate court must view all of the evidence in the light most favorable to the finding and determine whether a reasonable factfinder could have formed a firm belief or conviction that the findings are true. *In re J.F.C.*, 96 S.W.3d at 266. In viewing the evidence in the light most favorable to the judgment, the appellate court "must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so," and "should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.* at 266.

However, the appellate court may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the Department's heightened burden of proof by clear and convincing evidence. *Id.* If, after conducting its legal-sufficiency review of all the evidence, a court determines no reasonable factfinder could form a firm belief or conviction consistent with the final judgment, then the court must conclude the evidence is legally insufficient. *Id.* at 266.

Factual Sufficiency

When reviewing a factual sufficiency challenge under a clear and convincing standard, the analysis is somewhat different in that the appellate court must consider all of the evidence equally,

both disputed and undisputed. *Id*. The appellate court must determine whether the disputed evidence is such that a reasonable fact finder could have formed a firm conviction or belief about the truth of the Department's allegations. *Id.* The appellate court must hold the evidence to be factually insufficient if, in light of the entire record, the disputed evidence contrary to the judgment is so significant that a reasonable factfinder could not have resolved that disputed evidence in favor of the ultimate finding. *Id.*; *In re A.S.*, 261 S.W.3d 76, 82 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

## ANALYSIS

On appeal, M.C. contends there is no evidence that he knew about the mother's drug use; there is no evidence he used drugs; and there is no evidence he had been part of the children's environment prior to their removal.

The statutory ground for termination found in subsection D allows for termination of parental rights if the parent knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being. TEX. FAM. CODE ANN. § 161.001(b)(1)(D). In an involuntary termination proceeding, endangerment means to expose a child to loss or injury or to jeopardize a child's emotional or physical well-being. *Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). Under subsection (D), the relevant inquiry is whether the environment of the children was the source of endangerment to the children's physical or emotional well-being, although parental conduct can be a factor that contributes to this environment. *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.).

When considering parental conduct, danger to the child's well-being may be inferred from parental misconduct alone. *See Boyd*, 727 S.W.2d at 533–34; *In re D.J.C.*, 04-16-00564-CV, 2016 WL 7379248, at *6 (Tex. App.—San Antonio Dec. 21, 2016, no. pet. h.) (mem. op.). "As a general

rule, conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of a child." *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied) (quoting *In re S.D.*, 980 S.W.2d 758, 763 (Tex. App.—San Antonio 1998, pet. denied)). Moreover, illegal or inappropriate conduct by a parent in the child's home inherently produces an environment that endangers the physical or emotional well-being of a child. *In re S.H.*, 04-15-00054-CV, 2015 WL 3998888, at *3 (Tex. App.—San Antonio July 1, 2015, no pet.) (mem. op.); *In re B.R.*, 822 S.W.2d 103, 106 (Tex. App.—Tyler 1991, writ denied). "[T]he endangering conduct may include the parent's actions before the child's birth, while the parent had custody of older children, including evidence of drug usage." *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009); *see In re D.J.C.*, 2016 WL 7379248, at *6. The relevant period for review of conduct and environment supporting termination under statutory ground D is *before* the Department removes the child. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009); *In re A.L.H.*, 468 S.W.3d at 746–47; *In re J.R.*, 171 S.W.3d 558, 569 (Tex. App.—Houston [14th Dist.] 2005, no writ).

"Subsection D is not a basis for terminating parental rights if the parent was unaware of the endangering environment." *In re Z.C.J.L.*, 14–13–00115–CV, 2013 WL 3477569, at *12 (Tex. App.—Houston [14th Dist.] July 9, 2013, no pet.) (mem. op.); *see also In re T.H.*, 131 S.W.3d 598, 603 (Tex. App.—Texarkana 2004, pet. denied). Therefore, even if clear and convincing evidence supports the trial court's finding that the environment posed a danger to the child's well-being, the Department must show that the parent knew of the danger or, at the least, the parent was aware of a potential danger, but disregarded the risk. *In re A.L.H.*, 468 S.W.3d at 746; *In re C.L.C.*, 119 S.W.3d 382, 392 (Tex. App.—Tyler 2003, no pet.).

### The Evidence

To establish basis for termination, the Department relied upon the testimony of a sole witness, Asta Bilderback, the Department's caseworker. M.C.'s attorney cross-examined Ms.

Bilderback, but presented no controverting evidence or witnesses to testify on M.C.'s behalf. Ms. Bilderback's testimony establishes the following:

At the time the Department became involved, M.C. was married to the mother; however, he was not living with the family because in 2012 he was convicted of indecency with a child by sexual contact and received probation. The terms of M.C.'s probation require that he register as a lifetime sex offender and prohibit him from being in the presence of children, including his own.

During the Department's involvement, M.C. and the mother had a second child, J.R.T.C. The mother and J.R.T.C. tested positive for amphetamine when J.R.T.C. was born, and at birth he was placed with the same aunt as M.T.C. and his half-siblings. The mother has a history of drug use. During the pendency of the case, the mother received treatment for drug addiction, but after several months she relapsed into methamphetamine use and was dismissed from a treatment home. The Department received conservatorship of the children on November 4, 2015.

M.C. complied with the terms of his family service plan and his probation terms. Before the children's removal and during the pendency of the case, M.C. provided the mother financial support for a place to live. M.C. alerted Ms. Bilderback to the mother's potential relapse into drug use because she "cleaned out" his bank account. At the time of the bench trial, the children had bonded with their aunt and two older half-siblings, and their aunt and her husband were willing to adopt them and could provide for their needs.

The appellate record reflects that in each of the hearings held prior to the termination hearing, M.C. was present. Further, the facts presented create circumstantial evidence that M.C. was aware of the mother's drug addiction during their marriage and during the pendency of the case because it was discussed during the status hearings. In addition, M.C. was aware the mother

was in a drug therapy program prior to the children's removal from her home, as it was part of the family service plan, and he alerted the Department to her potential relapse.

## Application

Upon review of the evidence presented and application of strict scrutiny, we must conclude the record evidence and testimony presented clear and convincing evidence that M.C. knowingly placed or allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being.

Circumstantial evidence indicates M.C. knew of the mother's drug addiction during their marriage and knew of her relapse prior to J.R.T.C.'s birth. M.C.'s criminal conviction and subsequent designation as a lifetime registered sex offender, coupled with the terms of his probation that prohibit him from having contact with his children, required that his children be placed in the mother's home. M.C. remained in contact with the mother and fathered J.R.T.C. after M.T.C. had been removed, thereby disregarding the risk posed to J.R.T.C. Therefore, M.C.'s own conduct placed the children in an endangering environment.

While the record also reflects M.C. alerted the Department to her potential relapse and financially supported the mother and the children, the consequences of M.C.'s illegal actions prior to removal of the children created a life of uncertainty and instability for them. *See In re J.O.A.*, 283 S.W.3d at 345; *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied). Danger to the children's well-being may be inferred from this criminal misconduct, alone. *See Boyd*, 727 S.W.2d at 533–34; *In re A.L.H.*, 468 S.W.3d at 746; *In re D.J.C.*, 2016 WL 7379248, at *6.

We have thoroughly reviewed the evidence in this case. Based upon this evidence, both direct and circumstantial, it was reasonable for the trial court to find that M.C. knowingly placed the children in an endangering environment or that he knowingly allowed the children to remain

in an endangering environment through his own misconduct coupled with his knowledge of the mother's drug use. *See In re A.L.H.*, 468 S.W.3d at 746–47; *In re J.R.*, 171 S.W.3d at 570; *see also In re C.J.*, 05-98-01797-CV, 2001 WL 423279, at *6 (Tex. App.—Dallas Apr. 26, 2001, no pet.) (mem. op.). Consequently, we conclude the evidence is legally sufficient to support termination under statutory ground D.

The evidence presented was undisputed. Therefore, there can be no disputed evidence contrary to the judgment so significant that a reasonable factfinder could not have resolved that disputed evidence in favor of the ultimate finding. *See In re J.F.C.*, 96 S.W.3d at 266; *In re A.S.*, 261 S.W.3d at 82. Consequently, based upon the same evidence and conclusions discussed, the evidence is also factually sufficient to support the trial court's termination findings under Family Code Section 161.001(b)(1)(D). *See In re J.F.C.*, 96 S.W.3d at 266; *In re A.S.*, 261 S.W.3d at 82.

We overrule M.C.'s first issue on appeal.

## CONCLUSION

Based on the foregoing reasons, we conclude the evidence is sufficient to support the termination of M.C.'s parental rights pursuant to statutory ground 161.001(b)(1)(D). Therefore, we affirm the trial court's judgment terminating M.C.'s parental rights to the children, M.T.C. and J.R.T.C.

Irene Rios, Justice